# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

December 27, 2023

## LETTER ORDER

RE: *Alston v. Absolute Resolutions Investments, LLC, et al.*
DLB-23-2237

Dear Mr. Alston and Counsel:

Frequent-filer Thomas J. Alston alleges that Financial Recovery Services, Inc. and Absolute Resolutions Investments, LLC ("ARI") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. ECF 5. Financial Recovery Systems answered. ECF 10. ARI moved to dismiss for lack of personal jurisdiction. ECF 4. Alston did not respond, and the time for doing so has long passed. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Alston's claims against ARI are dismissed without prejudice for lack of personal jurisdiction.

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction challenges the propriety of a particular court's exercise of power over a particular defendant. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020). "[T]he district court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.,* 935 F.3d 211, 226 (4th Cir. 2019). However, "a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 269 (4th Cir. 2016)). Throughout, the court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inference for the existence of jurisdiction." *Id.* (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). Nevertheless, "[w]hen personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins*, 935 F.3d at 226.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* Fed. R. Civ. P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). "[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), reaches as far as the Due Process Clause permits, *see Carefirst*, 334 F.3d at 396 (citing *Mohamed v. Michael*, 370 A.2d 551, 553 (Md. 1977)). Even so, the Maryland Supreme Court has clarified that it is not "permissible to simply dispense with analysis under the long-arm statute." *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006). The fact that the long-arm statute extends as far as due process permits does not mean that the inquiry has only one step. Rather, it means that at the first step—interpreting the statute—"to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F. Supp. 2d 540, 545 (D. Md. 2006) (quoting *Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F. Supp. 116, 118 n.2 (D. Md. 1995)).

The exercise of personal jurisdiction over a nonresident defendant accords with due process if the court has either general jurisdiction or specific jurisdiction. *See Carefirst*, 334 F.3d at 397. A federal district court has general jurisdiction over a defendant if the defendant's conduct in the state is not the basis for the suit, *see id*., and the defendant's connections to the state are "so constant and pervasive as to render it essentially at home in the forum State," *Fidrych*, 952 F.3d at 132 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). By contrast, a federal district court has specific jurisdiction over a nonresident defendant if "the defendant has purposefully availed itself of the privilege of conducting activities in the state," "the plaintiff['s] claims arise out of those activities directed at the state," and "the exercise of personal jurisdiction would be constitutionally reasonable." *Carefirst*, 334 F.3d at 397.

Alston has not alleged that the Court has general jurisdiction over ARI, an Arizona limited liability company headquartered in Minnesota. He does not allege that ARI has any regular contacts with the state of Maryland, let alone "constant and pervasive" ones. *See Fidrych*, 952 F.3d at 132. There is simply no basis for general jurisdiction over ARI.

Alston has not alleged that the Court has specific jurisdiction over ARI either. He alleges no facts indicating that ARI purposefully availed itself of the privileges of conducting activity in Maryland. Nor do Alston's claims arise out of ARI's contacts with Maryland. He alleges that ARI accessed his credit report, but he does not allege that ARI did so in Maryland or injured him in Maryland. It is Alston's burden to establish personal jurisdiction over ARI, *see Hawkins*, 935 F.3d at 226, and he has not met it.

For these reasons, ARI's motion to dismiss the case for lack of personal jurisdiction, ECF 4, is granted and his claims against ARI are dismissed without prejudice. The Clerk shall mail Alston a copy of this Letter Order. Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge